# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ) <br> ENVIRONMENTAL RESPONSIBILITY ) <br> 962 Wayne Ave., Suite 610 ) <br> Silver Spring, MD 20910 ) <br> ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> THE INTERIOR, BUREAU OF LAND ) <br> MANAGEMENT ) <br> 1849 C St. NW, ) <br> Washington, DC 20240 ) <br> ) <br>     Defendant, ) | **COMPLAINT** <br> Case No. 17-cv-1424 |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., as amended, to compel the Bureau of Land Management ("BLM" or "Defendant") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operation of federal, state, and local governments.

3. On May 19, 2017, Plaintiff sent a FOIA request by electronic mail seeking records related to BLM's efforts to comply with the recommendations contained in a 2016 report issued by Government Accountability Office ("GAO") concerning unauthorized grazing.

4. On June 9, 2017, in a letter sent to PEER by electronic mail, BLM acknowledged receipt of our FOIA request.

5. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and provide access to government information.  Disclosure is the dominant objective of FOIA.

6. The FOIA requires the agency to determine within 20 working days after receipt of a FOIA request whether to comply with the request. 5 U.S.C. § (a)(6)(A)(i).  In "unusual circumstances", the agency may extend this time period for a maximum of ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

7. To date, Defendant has failed to produce any records in response to Plaintiff's FOIA Request No. BLM-2017-00696.

8. Defendant's conduct amounts to a denial of the Plaintiff's FOIA request.  Plaintiff is seeking to educate the public about whether BLM is taking the appropriate and recommended steps to account for grazing trespass and mitigate its effect on public lands, and Defendant is frustrating that purpose.

9. Plaintiff has constructively exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).  Plaintiff now seeks an order from the court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

10. This court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A)(where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B)(providing for venue for FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

13. This court has authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key and current public policy issues.  PEER focuses on the environment, including the regulation and remediation of toxic substances, public land and natural resources management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, BLM, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENTS OF FACT

18. In July 2016 the United States Government Accountability Office (GAO) released the report "Unauthorized Grazing: Actions Needed to Improve Tracking and Deterrence Efforts" (July 2016 report) to the Committee on Natural Resources of the United States House of Representatives.  The report describes BLM's past failings to properly enforce against illegal grazing trespass and its proclivity for informal resolutions of trespass offenses.

19. The July 2016 report recommends that BLM either follow its existing regulations as they pertain to enforcement of unauthorized grazing, or amend its regulations to establish procedures for informal resolution of violations.  The July 2016 report recommends that BLM record all incidents of unauthorized grazing, including those resolved informally, and revise its "Unauthorized Grazing Use Handbook" so it is consistent with the Code of Federal Regulations.

20. On May 19, 2017, PEER requested from the BLM reports of unauthorized grazing incidents handled both formally and informally since January 2016.  PEER also requested records reflecting any steps the BLM has taken to implement GAO's recommendations contained in the July 2016 Report.

21. On June 9, 2017, Defendant sent a letter acknowledging receipt on May 19, 2017 of Plaintiff's FOIA request.  Defendant assigned request No. 2017-00696 and categorized it

as exceptional pursuant to 43 C.F.R. § 2.15.  However, Defendant did not assert "unusual circumstances", to extend the time period for response pursuant to  5 U.S.C. § 552(a)(6)(B)(i) (providing that the time for response may be extended by the agency for up to 10 working days by written notice to the requester).

22. Pursuant to 5 U.S.C § 552(a)(6)(B), Defendant had twenty working days from the date of the receipt to respond to or deny Plaintiff's request.

23. Twenty working days from May 19, 2017 (the date Defendant received Plaintiff's request) was June 16, 2017.  Even assuming Defendant had claimed the additional 10 working days for unusual circumstances, Defendant's response would have been due July 3, 2017.

24. As of this July 18, 2017 filing, Plaintiff has not received any records responsive to its FOIA request nor any determination on its request from the Defendant.

25. Administrative remedies are constructively exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted it administrative remedies for its May 19, 2017 FOIA request, Plaintiff now turns to this court to enforce the FOIA's guarantee to public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

26. Plaintiff incorporates the allegations of the preceding paragraphs.

27. Defendant's failure to disclose the records requested under Request No. 2017-00696 within the time limits mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of the Interior's regulations promulgated thereunder, 43 C.F.R. § 2.1 et seq.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of the court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on July 18, 2017,

　　　/s/Paula Dinerstein　　　
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337


*Counsel for Plaintiff*